**XEROX CORPORATION, Appellant,**

v.

**John K. TRAVERS, Collector of Revenue, City of St. Louis, Missouri, Respondent.**

No. 58757.

Supreme Court of Missouri,
En Banc.

Nov. 10, 1975.

Rehearing Denied Dec. 8, 1975.

Robert G. Brady, Michael B. McKinnis and Edward J. Lieberman, Bryan, Cave, McPheeters & McRoberts, St. Louis, for appellant.

James J. Wilson, Jack L. Koehr, James E. Crowe, St. Louis, for respondent.

DONNELLY, Judge.

This case involves tax assessments for the year 1972 on personal property belonging to appellant Xerox Corporation and leased to users in the City of St. Louis. The tax assessments are among those involved in *Xerox Corporation, et al. v. State Tax Commission of Missouri, et al.*, 529 S.W.2d 413 (decided concurrently herewith). Respondent Travers is the Collector of Revenue in the City of St. Louis.

The controversy in this case arises from an apparent conflict between Sections 139.-031, 138.430 and 536.110, RSMo 1969.

Section 139.031, RSMo 1969, reads as follows:

"1. Any taxpayer may protest all or any part of any taxes assessed against him, except taxes collected by the director of revenue of Missouri. Any such taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based, and shall further cite any law, statute, or facts on which he relies in protesting the whole or any part of such taxes.

"2. The collector shall disburse to the proper official all portions of taxes not so

protested, and he shall impound in a separate fund all portions of such taxes which are so protested. Every taxpayer protesting the payment of taxes, within ninety days after filing his protest, shall commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time herein prescribed, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, as hereinabove provided.

"3. Trial of the action in the circuit court shall be in the manner prescribed for nonjury civil proceedings, and, after determination of the issues, the court shall make such orders as may be just and equitable to refund to the taxpayer all or any part of the taxes paid under protest or to authorize the collector to release and disburse all or any part of the impounded taxes. Either party to the proceedings may appeal the determination of the circuit court.

"4. All the county collectors of taxes, and the collector of taxes in any city not within a county, shall, upon written application of a taxpayer, refund any real or tangible personal property tax mistakenly or erroneously paid in whole or in part to the collector. Such application shall be filed within one year after the tax is mistakenly or erroneously paid. The county court, or other appropriate body or official, shall make available to the collector funds necessary to make refunds under this subsection by issuing warrants upon the fund to which the mistaken or erroneous payment has been credited, or otherwise.

"5. No taxpayer shall receive any interest on any money paid in by him either erroneously or under protest."

Section 138.430, Subsection 2, RSMo 1969, reads as follows:

"Every owner of real property or tangible personal property and every merchant and manufacturer shall have the right of appeal from the local boards of equalization under rules prescribed by the state tax commission. Said commission shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious."

Section 536.110, RSMo 1969, reads as follows:

"1. Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

"2. Such petition may be filed without first seeking a rehearing, but in cases where agencies have authority to entertain motions for rehearing and such a motion is duly filed, the thirty-day period aforesaid shall run from the date of the delivery or mailing of notice of the agency's decision on such motion. No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

"3. The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. The court in its discretion may permit other interested persons to intervene."

The Board of Equalization in the City of St. Louis assessed equipment owned by Xerox Corporation and leased in the City of St. Louis. Xerox appealed from the Board of Equalization to the State Tax Commission.

On November 30, 1972, the State Tax Commission rendered its decision assessing appellant's tangible personal property situated in the City of St. Louis on January 1, 1972, at a value of $6,758,630.00. Appellant's leased equipment was valued at $6,715,415.00 and its office furniture and equipment at $43,215.00. The assessed value of appellant's leased equipment was calculated by multiplying its average gross monthly rental by forty and dividing the result by three. In December, 1972, appellant paid tangible personal property taxes in the amount of $379,497.07 to respondent Travers, as Collector of Revenue of the City of St. Louis, for the year 1972. Those taxes were based upon the State Tax Commission assessment of appellant's tangible personal property situated in the City of St. Louis. Appellant included with its payment a letter to respondent protesting such payment, stating the grounds upon which such protest was based and citing the laws upon which appellant relied in filing its protest. Pursuant to § 139.031, *supra*, respondent placed appellant's protested payment in a separate account to be held pending the final judicial determination of the issues upon which appellant's protest was based.

Appellant, within three months after the payment of its taxes under protest, filed, in the Circuit Court of *Cole County*, a suit seeking judicial review of the State Tax Commission assessment upon which appellant's tangible personal property taxes in the City of St. Louis were calculated. The Cole County Circuit Court entered a judgment reversing the decision of the Tax Commission. An appeal was then taken to this Court. That appeal is No. 58850 (decided concurrently herewith). In that appeal, we reversed the Cole County Circuit Court and upheld the State Tax Commission assessment.

Appellant paid its taxes under protest in order to avoid interest and penalties during the pendency of the Cole County proceedings, as well as to allow the City of St. Louis the use of the undisputed portion of the taxes so paid without forfeiting appellant's right to recover the disputed portion of such taxes, should appellant prevail in the Cole County action. No action was brought against respondent Travers in the Circuit Court of the City of St. Louis seeking to recover these taxes. Respondent Travers was not named as a party in the suit which was brought in Cole County nor was he given official notice of said suit within ninety days after its filing. Appellant paid the entire $379,497.07 under protest but has authorized respondent to release $107,402.75, which is not in dispute in the Cole County case, to the various districts and agencies within the City of St. Louis. Respondent has disbursed these funds.

Xerox brought this action in the Circuit Court of the City of St. Louis seeking a declaration that its protest (under § 139.-031, supra) had been properly perfected by its filing its petition for review in the Circuit Court of Cole County (under § 536.110, supra), and seeking an injunction prohibiting Travers from distributing the taxes paid under protest. The trial court denied Xerox's prayer for declaratory judgment and injunction. Xerox appealed. We have jurisdiction because the issues involve construction of the revenue laws of this state. Mo.Const. Art. V, § 3.

Appellant Xerox feels that the action filed by it in Cole County meets the requirements of § 139.031, supra. Respondent Travers does not agree. He contends that the "right to pay taxes under protest is a statutory right * * * [given by § 139.031]; that if one seeks to avail himself of a statutory right he must comply with conditions and requirements which the legislature has imposed upon that right * * *; and that [under § 139.031] it was mandatory upon * * * [Xerox] to bring an action

within ninety days against him in the Circuit Court of the *City of St. Louis* or else lose its right to pay under protest."

In *Foremost Dairies, Inc. v. Thomason*, Mo.Sup., 384 S.W.2d 651, 659 (Mo. banc 1964) this Court stated: " * * * Where the meaning of a statute is clear there is no occasion for its construction and the courts will apply it as written. However, when the meaning is doubtful it becomes the duty of the courts to construe it. It is elementary that the primary rule to be applied in the construction of a statute is to ascertain and give effect to the legislative intent. * *."

■ In our opinion, § 139.031 is clear and unambiguous on its face. It requires the protestor to file its "petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office." Therefore, appellant is not entitled to the relief sought and the trial court's judgment must be affirmed. However, if given undiluted effect, § 139.031 conflicts directly with §§ 138.430 and 536.110, supra, which give a right of appeal from local boards of equalization to the State Tax Commission, and a right to petition for review of the decision of the Commission "in the circuit court of Cole County * * *."

■ We believe §§ 139.031, 138.430 and 536.110, in the posture of this case, deal with the same subject (the matter of contesting a tax assessment), are in "pari materia," and that we should apply a rule of statutory construction which "proceeds upon the supposition * * * [that these statutes] were governed by one spirit and policy and were intended to be consistent and harmonious in their several parts and provisions * * *." *State ex rel. Cairo Bridge Commission v. Mitchell*, 352 Mo. 1136, 1143, 181 S.W.2d 496, 499 (Mo. banc 1944). "The law favors constructions [of statutes] which harmonize with reason, and which tend to avoid unjust, absurd, unreasonable or confiscatory results, or oppression." *Laclede Gas Company v. City of St.*

*Louis*, 363 Mo. 842, 848, 253 S.W.2d 832, 835 (Mo. banc 1953).

We hold that these statutes may be reconciled and harmonized as follows:

(1) Any taxpayer desiring to pay taxes under protest (under 139.031), and to avail himself of the benefits thereunder, shall file his statement with the collector at the time of paying such taxes.

(2) Within ninety days after filing his protest, he shall commence an action against the collector in the circuit court of the county in which the collector maintains his office. If he does not, the collector should disburse the impounded funds.

(3) If he appeals to the State Tax Commission, he may notify the collector of such appeal and may file in the circuit court of the county in which the collector maintains his office a notification of such appeal. If he makes and files such notifications, the proceedings pending in the circuit court of the county in which the collector maintains his office shall be stayed until the proceedings before the State Tax Commission and judicial review, if any, are finalized.

(4) The collector should not disburse the impounded funds until all proceedings in the circuit court of the county in which he maintains his office are finalized.

We believe the above procedure will give effect to the legislative intent, as reflected in §§ 139.031, 138.430, and 536.110, supra, and will achieve a just result.

The judgment is affirmed.

MORGAN, Acting C. J., HOLMAN, BARDGETT, HENLEY and FINCH, JJ., and SIMEONE, Special Judge, concur.

SEILER, C. J., not sitting.