Dear Mr. Moseley:
This letter is in response to your request for an opinion on the following question:
 In a situation where a taxpayer pays his taxes without protest before the delinquency date, and later files a written protest, also before the delinquency date, is the protest valid or may the monies be disbursed as if there were no protest?
It is our understanding that this question has arisen because several taxpayers in your county have paid their merchant's and manufacturer's taxes for the year 1979 without filing a protest at the time of payment. However, at a later date, the same taxpayers have filed written protest with the county collector.
Attached for your consideration is a copy of Opinion No. 97, issued February 10, 1970, to the Honorable Urban C. Bergbauer, Jr., Prosecuting Attorney of Iron County. This opinion discusses the ramifications of § 130.031, RSMo 1978, and concludes that it is mandatory for a taxpayer to file suit to compel refund of taxes paid under protest in accordance with the provisions of §§ 1, 2 and 3; but that § 4 authorizes refund by the collector of any real or tangible personal property tax mistakenly or erroneously paid. The Supreme Court of Missouri has stated that § 139.031 is clear and unambiguous on its face. In Xerox Corp. v. Travers,529 S.W.2d 418, 422 (Mo. banc 1975), the court outlines the responsibility of a taxpayer desiring to use said section as follows:
 Any taxpayer desiring to pay taxes under protest (under 139.031) and to avail himself of the benefits thereunder, shall file his statement with the collector at the time of paying such taxes. (Emphasis added.)
The critical question then is the responsibility of the county collector in view of the failure of the taxpayers to file a written protest at the time of paying the taxes in question. In our view, subsection 2 of § 139.031 only requires the collector to impound in a separate fund all taxes paid under protest in accordance with the provisions of the statute. Section 1 explicitly states that any ". . . taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based. . . ." Under the facts outlined in your request, taxpayers have paid their entire tax for the year 1979 without filing a protest at the time of such payment. Under these circumstances, the collector is obligated to disburse said moneys in accordance with the purposes for which collected. He is not required to withdraw them from the general account or accounts upon the filing of a subsequent protest.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Atty Gen. Op. No. 97, Bergbauer, 2/10/70