**LEMAY PLASTICS DIVISION, Lemay Plastics Co., Inc., and Lemay Machine Co., Inc., Plaintiffs-Appellants,**

v.

**George C. LEACHMAN, Collector of Revenue, St. Louis County, Missouri, Defendant-Respondent.**

**No. 42905.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Erbs & Erbs, Mark W. Suardi, St. Louis, for plaintiffs-appellants.

Dennis C. Affolter, St. Louis, for defendant-respondent.

CRIST, Presiding Judge.

Suit filed pursuant to § 139.031, RSMo. 1978 by appellants (hereinafter "plastics manufacturer") to recover 1979 Merchants' and Manufacturers' Taxes paid under protest. The trial court sustained respondent's (hereinafter "collector") motion to dismiss. We affirm.

The facts of this case are intertwined with the facts in *Metal Form Corp. v. Leachman,* 599 S.W.2d 922 (Mo.banc 1980). We quote often from *Metal Form* without quotation marks.

*Metal Form* was a consolidated trial and appeal. It involved four cases seeking recovery of manufacturers' license taxes for 1977 and 1978 which had been paid under protest. These taxes were assessed under §§ 150.300 to 150.370, RSMo. 1969, which require that manufacturers be licensed and taxed on their raw materials and finished products, as well as the tools, machinery and appliances used by them. Each *Metal Form* corporation filed a protest letter alleging that the statutes in question violated Mo.Const., art. X, § 4(a) in taxing manufacturers upon a subclassification of property based upon the nature, residence and

business of the owners and the amount of property owned, and not solely by the nature and characteristics of the property as § 4(a) requires.

Pursuant to § 139.031.2, *Metal Form* corporations timely filed petitions in the circuit court seeking recovery of the taxes paid under protest. These petitions alleged that the taxes had been paid under protest and the checks given in payment had been accompanied by letters alleging the taxing statute was unconstitutional. In these protest letters art. X, § 4(a) was the only constitutional provision alleged to have been violated.

At the time the *Metal Form* corporations' cases were submitted to the trial court for decision, each corporation amended its petition to allege that, in addition to being an unauthorized subclassification of tangible personal property contrary to art. X, § 4(a), the taxing statutes also violated the uniform classification requirements of art. X, § 3 and constituted an unconstitutional exemption contrary to art. X, § 6. The trial court in *Metal Form* upheld the challenges based on art. X, §§ 4(a) and 6, but did not reach the § 3 claim for lack of standing.

Armed with the trial court's decision in *Metal Form*, plastics manufacturers began this action by filing letters protesting the payment of 1979 Merchants' and Manufacturers' Tax, in pertinent part as follows:

> With reference to Missouri State Statute 139.031, this letter serves as our official protest against payment of your 1979 Merchant's & Mfg. Tax . . .
>
> The applicable statutes under Chapter 150 of the Missouri Statutes is unconstitutional under Article 10, Section 4(a) of the Missouri Constitution.
>
> To further clarify this situation, we cite the case of *Metal Form Corp., et al. v. Leachman*, St. Louis County Circuit Nos. 393185, 406064, 393186, and 406065.

Subsequently, on January 27, 1980, plastics manufacturers timely filed suit in the St. Louis County Circuit Court to recover the taxes they had paid. As grounds for their entitlement for relief they alleged that § 150.040 and § 150.310 violated art. X, § 4(a) of the Missouri Constitution and the St. Louis County Circuit Court's opinion in *Metal Form*.

Thereafter, on February 22, 1980, our Supreme Court handed down the *Metal Form* case. *Metal Form* held the manufacturers' tax did not create an impermissible subclassification of tangible personal property in violation of art. X, § 4(a). It was further held that since the *Metal Form* corporations' protest letters made no reference to Mo.Const., art. X, §§ 3 or 6, those issues were not timely raised. Our Supreme Court held that § 139.031.1 means what it says in requiring a protesting taxpayer to specifically set out the grounds on which his protest is based and the law or statutes on which he relies.

In the instant case, on March 28, 1980, the trial court granted the collector's motion to dismiss for failure to state a cause of action, for the reason that all claims raised had been decided adversely to plastics manufacturers in *Metal Form*.

Plastics manufacturers now press only their art. X, § 6 claim, but, as in *Metal Form*, we limit our consideration to the violation of art. X, § 4(a) alleged in plastics manufacturers' protest letters accompanying the tax payments. If plastics manufacturers' art. X, § 6 claim was a then perceived entitlement to relief, it is difficult to understand why that section is not mentioned in their letters or pleadings. The mere reference to the *Metal Form* circuit court case is not sufficient to adopt all the arguments in that case as part of the protest letter. It is too late now to argue that the circuit court citation was an independent ground of protest, and not merely authority "to further clarify" the art. X, § 4(a) argument. At the very least, that reference lacks sufficient specificity. The Supreme Court decision in *Metal Form* is controlling and determinative.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.