**SPERRY CORPORATION,**
**Plaintiff-Appellant,**

v.

**Tom WILES, Director of Division of Collections, Jackson County, Missouri, Defendant-Respondent.**

**No. 66381.**

Supreme Court of Missouri,
En Banc.

Aug. 7, 1985.
Rehearing Denied Sept. 10, 1985.

Joseph J. Mulvihill, Stephen B. Strayer, Kansas City, for plaintiff-appellant.

Michael F. Dandino, Legal Counsel. John B. Williams, County Counselor, Kansas City, for defendant-respondent.

ALMON H. MAUS, Special Judge.

This is an action by appellant-taxpayer, under § 139.031, to recover 1982 personal property taxes paid under protest. The decisive issue upon appeal is whether the trial court properly dismissed the petition because the appellant did not pursue administrative review of the allegedly exces-

sive, discriminatory assessment which formed the basis of the protest.

As hereinafter developed, the decisive issue has been resolved by prior decisions of this court. Because of those decisions, the presentation of that issue does not vest jurisdiction of this action in this court. *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888 (Mo. banc 1978); *A.P. Green Refractories v. State Tax Com'n,* 621 S.W.2d 340 (Mo.App.1981). Nonetheless, the appellant contends that by reason of the language in certain opinions of this court, there remained uncertainty in the procedure required to effectively contest an allegedly excessive assessment upon the basis of unconstitutional discrimination. For this reason, the court elects to exercise its discretion to retain jurisdiction of this appeal. *ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28 (Mo. banc 1983).

The stated issue was presented by the following facts established by the pleadings of the parties. The appellant paid its 1982 personal property taxes of $223,356.10 to the respondent accompanied by a letter of protest. That letter of protest is dated December 23, 1982. The letter specifies the protest is based upon an assessment which illegally discriminated against the taxpayer's property contrary to the Fourteenth Amendment to the Constitution of the United States; and Art. I, § 10 and Art. X, §§ 3 and 4 of the Constitution of Missouri. The letter added, "In 1982 taxpayer's property was assessed at 33⅓% of value even though real property located within the taxing jurisdiction was assessed at 15.1% of value and other types of personal property, such as motor vehicles, were assessed for tax purposes at less then [sic] ⅓% [sic] of value." The petition sought recovery of $122,175.81 upon the basis set forth in the letter.

By a reply the appellant denied it had availed itself of its administrative remedy pursuant to §§ 137.385, 138.060, 138.110 and 138.430. By a subsequently filed motion, the respondent alleged appellant had failed to pursue or exhaust its administra-

tive remedy by appealing the questioned assessment to the Board of Equalization and the State Tax Commission as required by §§ 137.385, 138.030 [sic], 138.100 [sic] and 138.430. The motion asserted the action was barred by such failure. It also alleged the petition failed to state a claim of unconstitutional discrimination. The motion prayed for the dismissal of the petition with prejudice.

The parties have referred to respondent's motion as a motion to dismiss. It is more properly denominated a motion for judgment on the pleadings. *Bakewell v. Mo. State Employees' Retirement System,* 668 S.W.2d 224 (Mo.App.1984). By their suggestions in the trial court, the parties treated it as such a motion. It was conceded the appellant failed to exhaust its administrative remedy. That concession has also been established by the briefs of the parties filed in this court. *Lubrication Engineers, Inc. v. Parkinson,* 341 S.W.2d 876 (Mo.App.1961). The disposition of the appeal will be considered on that basis. *Consumer Contact Co. v. State Dept. of Rev.,* 592 S.W.2d 782 (Mo. banc 1980); *Bindley v. Metropolitan Life Ins. Co.,* 358 Mo. 31, 213 S.W.2d 387 (1948). The dismissal of the petition with prejudice is to be affirmed if, under the facts so established, the respondent was entitled to such judgment as a matter of law. *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343 (Mo. banc 1981).

The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act. This doctrine is well established, is a cardinal principle of practically universal application, and must be borne in mind by the courts in construing a statute providing for review of administrative action.

2 Am.Jur.2d Administrative Law § 595 (1962). The doctrine is recognized in this state. *City of St. Louis v. Missouri Com'n on Human Rights,* 517 S.W.2d 65 (Mo.1974). It has been consistently applied

in actions seeking relief against allegedly excessive assessments. "[A] taxpayer, who is aggrieved by a fraudulent assessment of his property, is not entitled to relief in a court of equity until he has first exhausted the remedies afforded by the statute." *Brinkerhoff-Faris Trust & Savings Co. v. Hill*, 323 Mo. 180, 19 S.W.2d 746, 752 (banc 1929), rev'd on other grounds, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930). Also see *State ex rel. City of St. Louis v. Caulfield*, 333 Mo. 270, 62 S.W.2d 818 (banc 1933); *Cupples-Hesse Corporation v. Bannister*, 322 S.W.2d 817 (Mo.1959). At an early date, after enactment of § 139.031, the doctrine was held to be applicable to the remedy provided by that section. *Xerox Corp. v. Travers*, 529 S.W.2d 418 (Mo. banc 1975). It was subsequently reaffirmed in *C & D Inv. Co. v. Bestor*, 624 S.W.2d 835 (Mo. banc 1981). Also see *State ex rel. Ellsworth Freight Lines, Inc. v. State Tax Com'n of Missouri*, 651 S.W.2d 130 (Mo. banc 1983), cert. denied, —— U.S. ——, 104 S.Ct. 1019, 79 L.Ed.2d 223 (1984). The requirement has been expressly declared applicable even though the action under § 139.031 is based upon an allegedly unconstitutional discriminatory assessment. *Westglenn Village Associates v. Leachman*, 654 S.W.2d 897 (Mo. banc 1983). The requirement was restated in *ABC Fireproof Warehouse Co. v. Clemans*, supra.

The appellant argues its failure to pursue an administrative remedy should not bar this action because uncertainty in the procedure required had been created by the language of three opinions of this court. Without conceding by implication the same has legal efficacy, that argument has no reasonable foundation in fact.

The appellant first refers to the following:

If he appeals to the State Tax Commission, he may notify the collector of such appeal and may file in the circuit court of the county in which the collector maintains his office a notification of such appeal. If he makes and files such notifications, the proceedings pending in the circuit court of the county in which the collector maintains his office shall be stayed until the proceedings before the State Tax Commission and judicial review, *if* any, are finalized. (Emphasis added).

*Xerox Corp. v. Travers*, supra, at p. 422. Appellant contends such uncertainty was created by use of the permissive term "if". However, to read the opinion is to learn that expression was made in harmonizing § 138.430 and § 139.031. This is a clear statement of the necessity of pursuit of the administrative remedy before the State Tax Commission.

The appellant also argues uncertainty was created by the following: "Where, as is the case here, there is no question of overreaching by the taxing authorities, section 139.031 is not a substitute for the administrative provisions relating to the assessment of property for tax purposes." *C & D Inv. Co. v. Bestor*, supra, at p. 838. The uncertainty apparently asserted by appellant is the possiblity the phrase "overreaching by the taxing authorities" included an assessment that was unconstitutionally discriminatory. However, the language referred to should not have borne such intimation. The cited case involved an assessment that was allegedly *"unconstitutional* in two respects." *C & D Investment Co. v. Bestor*, supra, at p. 837 (emphasis added).

To excuse its failure, the appellant also cites:

However, the availability of an administrative remedy does not bar other remedies under all circumstances. For instance, when a taxpayer does not question the valuation of his property, but asserts it is not subject to the tax, he need not appear before the Board of Equalization but may enjoin the enforcement of the tax. *Washington University v. Baumann*, 341 Mo. 708, 108 S.W.2d 403 (banc 1937). Further, § 139.031 may provide an alternative remedy. Under circumstances similar to *Washington*

*University*, a taxpayer may pay the tax in compliance with § 139.031(1) and recover the taxes so paid by filing suit in compliance with § 139.031(2). Mesker Brothers Industries, Inc. v. Leachman, 529 S.W.2d 153 (Mo.1975). *Or, when a taxpayer alleges an unconstitutional discriminatory assessment, he may pay the tax imposed as a result thereof in compliance with § 139.031(1) and recover the same under § 139.031(2).* (Emphasis added).

B & D Inv. Co., Inc. v. Schneider, 646 S.W.2d 759, 762–763 (Mo. banc 1983).

The appellant places emphasis upon the last sentence. That sentence, which was dictum, taken alone could be so construed. However, *B & D Inv. Co., Inc. v. Schneider*, supra, was decided February 23, 1983. It is difficult to visualize how the opinion in that case could influence the appellant not to appeal the 1982 assessment of its personal property to the Board of Equalization and the State Tax Commission. Moreover, the emphasized sentence is followed by: "However, '[w]here, as is the case here, there is no question of overreaching by the taxing authorities, section *139.031 is not a substitute* for the administrative provisions relating to the assessment of property for tax purposes.'" *B & D Inv. Co., Inc. v. Schneider*, supra, at p. 763, citing *C & D Inv. Co. v. Bestor*, supra. The emphasis on "139.031 is not a substitute" was added in *B & D Inv. Co., Inc. v. Schneider*, supra.

The appellant failed to pursue and exhaust its administrative remedy against the allegedly excessive assessment. As established by the numerous authorities cited, that failure bars recovery in the instant action. The judgment is affirmed.

HIGGINS, C.J., and BILLINGS, BLACKMAR, DONNELLY, WELLIVER and RENDLEN, JJ., concur.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.