

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| 1123 WASHINGTON AVENUE RETAIL CONDO, LLC, ET AL., | ) | No. ED112215 |
| | ) | |
| | ) | Appeal from the Circuit Court of |
| Appellants, | ) | the City of St. Louis |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DOWNTOWN ST. LOUIS | ) | |
| COMMUNITY IMPROVEMENT DISTRICT, | ) | Honorable Jason M. Sengheiser |
| INC., ET AL., | ) | |
| | ) | |
| Respondents. | ) | Filed: July 16, 2024 |

## Introduction

The central issue in this appeal is whether Appellants – owners of real property within the Downtown St. Louis Community Improvement District's ("District") boundaries – are barred from seeking refunds on the basis the special assessments levied upon their real property are unlawful and unconstitutional.[1] Six property owners – 1123 Washington Avenue Retail Condo, LLC ("1123 Washington"), Star Park, LLC, Star Park II, 1401 Locust Street, LLC, 1426 Washington Avenue, LLC, and Dragon Development Company, LLC (collectively, "Appellants") – appeal from the trial court's grant of summary judgment in favor of the District, the City of St. Louis ("the City"),

---

[1] "Under Article V, section 3 of the Missouri Constitution, the Missouri Supreme Court has 'exclusive appellate jurisdiction in all cases involving the validity of a ... statute ... of this state.'" *Accident Fund Ins. Co. v. Casey*, 536 S.W.3d 360, 364 (Mo. App. W.D. 2017). However, because we do not reach the issue of whether the special assessments are unlawful or unconstitutional, this Court has jurisdiction to review this appeal.

and Gregory F.X. Daly ("the Collector of Revenue") (collectively, "Respondents"). In their sole point on appeal, Appellants argue the trial court erred in granting summary judgment in favor of Respondents on their claim seeking refunds under § 139.031[2] ("Refund Statute") for the special assessment they paid under protest because Appellants were not collaterally estopped from arguing the District's special assessments are unlawful taxes under the Refund Statute. This Court does not reach the issue of collateral estoppel as Appellants' claim is time-barred.

Accordingly, the trial court's judgment is affirmed.

**Factual and Procedural Background**

In 1998, the Missouri legislature adopted the Missouri Community Improvement District Act ("CID Act") authorizing the governing body of any municipality to establish community improvement districts ("CID"). § 67.1411. Once a CID is formed, a CID is authorized to levy special assessments and taxes on real property within the district boundaries to accomplish and carry out initiatives. *See* §§ 67.1461.1 and 67.1501.

On June 24, 2011, the City's Board of Aldermen adopted and approved Ordinance No. 68935 seeking creation, extension, renewal, and establishment of the District as a CID.[3] The Ordinance became effective on July 5, 2011. On July 12, 2011, the District adopted a resolution to levy special assessments for a 10-year period to fund specific services, programs, and improvements in the District ("Levy Resolution").

On December 27, 2019, 1123 Washington filed a two-count petition against the District and the City seeking a declaratory judgment and injunctive relief ("2019 Lawsuit"). In its petition, 1123 Washington sought to invalidate certain District expenditures incurred in 2019 and 2020 and

---

[2] All references are to RSMo Supp. 2021.
[3] A majority of the property owners within the District submitted a petition to extend the District's term until December 31, 2041. On December 23, 2021, the City enacted Ordinance No. 71434, which extended the District's term through December 2041.

2

enjoin the District from expending personnel and resources in connection with the expenditures; and challenged the lawfulness and constitutionality of the District's special assessments. The District and the City moved for summary judgment. In finding in favor of the District and the City, the trial court found 1123 Washington could not show the challenged expenditures were improper as a matter of law. It also found the District and the City were entitled to judgment as a matter of law because 1123 Washington had "fail[ed] to explain why it was unable to challenge the 2011 tax assessment within the time prescribed by § 67.1561, and point[ed] to no authority that such statute should be disregarded." None of the parties appealed the trial court's decision.

On March 29, 2021, while the District's summary judgment motion was pending in the 2019 Lawsuit, Appellants commenced the action at issue in this appeal ("2021 Lawsuit") against Respondents. The petition in the 2021 Lawsuit alleged three counts. The first two counts were identical to the counts asserted in the 2019 Lawsuit. Additionally, Appellants alleged the special assessments levied by the CID since 2011 were unconstitutional and, on that ground, Appellants sought a refund for the special assessment pursuant to the Refund Statute ("Count III").

After the trial court entered its judgment on the 2019 Lawsuit, Respondents moved for summary judgment in the 2021 Lawsuit. Finding in Respondents' favor, the trial court concluded the first two counts were barred by res judicata because the claims were identical to those claims raised the 2019 Lawsuit. Additionally, as to Count III, the trial court found Respondents had not shown the claim is time-barred, but concluded their claim was "barred by collateral estoppel because it was based on the alleged invalidity of the special assessments, and that issue was resolved in the 2019 Lawsuit."

This appeal follows.

3

**Standard of Review**

This Court reviews the trial court's grant of summary judgment *de novo*. *Templeton v. Orth,* 685 S.W.3d 371, 374 (Mo. banc 2024). "Summary judgment is proper only if the moving party establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Id*. "[W]e will affirm the grant of summary judgment on any legal theory supported by the record, whether or not it was the basis relied upon by the trial court." *Ross v. Scott*, 593 S.W.3d 627, 630 (Mo. App. E.D. 2019).

**Discussion**

In their sole point on appeal, Appellants argue the trial court erred in granting summary judgment in Respondents' favor because Appellants are not collaterally estopped from seeking relief under the Refund Statute on the basis the District's special assessments are unlawful. Conversely, Respondents argue Appellants' claim is not only barred by the doctrine of collateral estoppel, but also barred by the statute of limitations set forth in § 67.1561. Because this Court has the authority to affirm the trial court's judgment on any ground, we do not reach the issue of collateral estoppel and, instead, find Count III is time-barred.

"[S]ection 139.031 allows taxpayers to pay disputed taxes under protest and to seek a refund." *State ex rel. Summit Nat. Gas of Mo., Inc. v. Morgan Cnty. Comm'n*, 536 S.W.3d 729, 735 (Mo. App. S.D. 2017). The Refund Statute, in pertinent part, provides:

> 1. Any taxpayer may protest all or any part of any current taxes assessed against the taxpayer, except taxes collected by the director of revenue of Missouri….

> 2. Upon receiving payment of current taxes under protest under subsection 1 of this section or upon receiving from the state tax commission or the circuit court notice of an appeal from the state tax commission or the circuit court under section 138.430, along with full payment of the current tax bill before the delinquency date, the collector shall disburse to the proper official all portions of taxes not protested or not disputed by the taxpayer and shall impound in a separate fund all portions of such taxes which are protested or in dispute. ***Every taxpayer protesting the***

4

***payment of current taxes under subsection 1 of this section shall, within ninety days after filing his protest, commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office….***

(emphasis added).

On the other hand, the CID Act contains § 67.1561, which sets forth the statute of limitations for challenges to a CID's special assessment. Section 67.1561 states:

No lawsuit to set aside a district established, or a special assessment or a tax levied under sections 67.1401 to 67.1571 or to otherwise question the validity of the proceedings related thereto ***shall be brought after the expiration of ninety days from the effective date of the ordinance establishing such district in question*** or the election establishing a district pursuant to section 67.1422 ***or the effective date of the resolution levying such special assessment or tax in question*** or the effective date of a merger of two districts under section 67.1485.

(emphasis added).

On appeal, Appellants assert their claim under the Refund Statute is not time-barred because their claim is separate and distinct from its claim challenging the lawfulness of the special assessments, which was considered time-barred under § 67.1561 in the 2019 Lawsuit. Specifically, Appellants argue their claim seeks refunds of the special assessment they paid under protest pursuant to the Refund Statute. Conversely, Respondents assert Appellants' challenge in Count III is not distinguishable from their claim challenging the lawfulness of the special assessments and, as such, Count III falls within the scope of § 67.1561 and is time-barred.

A review of the petition in the 2021 Lawsuit demonstrates Appellants' allegations in Count III seeking relief under the Refund Statute substantially mirrors their claims challenging the lawfulness of the special assessment. The only difference being the relief sought. Notably, Appellants do not assert facts to distinguish the 2020 special assessments they paid under protest from the special assessments levied upon Appellants through the Levy Resolution.

However, Appellants maintain they are permitted to seek relief under the Refund Statute because it permits Appellants to seek refund payments for taxes paid under protest. We find this argument unpersuasive. "The doctrine of in *pari materia* recognizes that statutes relating to the same subject matter should be read together, but where one statute deals with the subject in general terms and the other deals in a specific way, to the extent they conflict, the specific statute prevails over the general statute." *C.T. v. J.L.L.*, 655 S.W.3d 260, 265 (Mo. App. E.D. 2022) (quoting *State ex rel. Taylor v. Russell*, 449 S.W.3d 380, 382 (Mo. banc 2014)). If possible, the statutes should be harmonized. *KC Motorcycle Escorts, L.L.C. v. Easley*, 53 S.W.3d 184, 187 (Mo. App. W.D. 2001). Sections 139.031 and 67.1561 can be harmonized by looking at their purpose and how they are applied. Both statues provide the statute of limitations by which to contest or set aside taxes, but are applied in different contexts. Section 67.1561 is a more specific statute in this context as it is encompassed within the CID Act and sets forth the time limitations in which a petitioner can bring a lawsuit "to set aside a district established, or a special assessment or a tax levied …." In contrast, the Refund Statute applies to more general situations in which a taxpayer can recover taxes paid under protest, such as personal property taxes or earnings taxes. *See Ford Motor Credit Co. v. St. Charles Cnty. Collector of Revenue*, 172 S.W.3d 826, 827 (Mo. App. E.D. 2005) (challenging personal property taxes paid under protest); *Lett v. City of St. Louis*, 948 S.W.2d 614, 615 (Mo. App. E.D. 1996) (challenging earnings tax paid under protest).

Here, Appellants' allegations are related to the CID's special assessments, and the CID Act expressly provides in § 67.1561 the statute of limitation for such claims. By bringing their constitutional claim under § 139.031, Appellants attempt to create a "distinction without a difference" in order to skirt the time limitations of § 67.1561. Simply put, § 139.031 is not a substitute for those matters in which a party contests a "special assessment or a tax levied under

6

§§ 67.1401 to 67.1571[,]" and cannot be pled to contravene the time limitations of § 67.1561. § 67.1561. If this Court adopted Appellants' position, property owners within the District's boundaries would evade the statute of limitations set forth in § 67.1561 and could arguably bring actions for refunds under § 139.031 every year on the grounds the assessments are unconstitutional or unlawful. Appellants' position, in effect, would render § 67.1561 meaningless and this Court presumes the enactment of § 67.1561 was not created without purpose. *See Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992) ("The legislature is presumed not to enact meaningless provisions."). Thus, Appellants are not permitted to bring a claim under the Refund Statue to contest the CID's special assessment because the CID Act has its own built-in statute of limitations.

Lastly, this Court finds it important to emphasize:

> [S]hort time periods on actions challenging special assessments are favored because they further public policy: Cities are prejudiced if there is no specified time at which their special assessments become final. Belated challenges to special assessments threaten the integrity of municipal finances. Landowners should not sit idly while the city makes public improvements that benefit private property and while the city incurs obligations to pay for them.

*Rasse v. City of Marshall*, 18 S.W.3d 486, 491 (Mo. App. W.D. 2000).

Therefore, since we find Appellants' claim falls within the scope of § 67.1561 – not the Refund Statute – Appellants' action to set aside a special assessment should have been brought within ninety days from the time the District approved the Levy Resolution on July 12, 2011. Here, the statute of limitations expired in October of 2011. Therefore, Appellants failed to timely appeal this issue.

7

## Conclusion

The trial court's judgment is affirmed.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
James M. Dowd, J. concur.