**Sam DEVINKI and Sterling Equities, Inc., Appellants,**

v.

**Susan TAKACS, Michael Pendergast and Robert Boley, Respondents.**

**No. WD 48431.**

Missouri Court of Appeals, Western District.

May 17, 1994.

Robert J. Wise, Kansas City, for appellants.

James B. Storkamp, County Counselor, William J. Gnefkow, Russell D. Jacobson, Asst. County Counselors, Kansas City, for respondents.

Before SPINDEN, P.J., and FENNER and ELLIS, JJ.

SPINDEN, Presiding Judge.

■ Sam Devinki and Sterling Equities, Inc.,[1] appeal the trial court's summary judgment against them in their declaratory judgment action against three Jackson County government officials.[2] Devinki and Sterling Equities contended in their lawsuit that the officials wrongfully refused to classify two apartment complexes as condominium residences for tax purposes because city officials had not approved the reclassification. Devinki and Sterling Equities sued, asking the court to declare their apartments to be condominiums, and they charged the officials with violating their constitutional rights.

On December 31, 1990, Devinki recorded a plat and a document entitled, "Condominium Declaration for Kingsboro Condominiums," in the Jackson County recorder's office. The declaration announced a reclassification of Roanoke West Apartments as condominiums. Because Kansas City municipal officials declined approval of the plat, county tax officials refused to accept Devinki's declaration and continued taxing the property at the commercial rate. Reclassifying the property as condominiums would have reduced the tax rate significantly.[3] Devinki paid the as-

---

1. Sterling Equities' interest in the matter is not explained in the record before us.

2. The court was ruling on the county officials' motion to dismiss. Because the trial court looked beyond the record in considering its order, we assume the court treated the motion as a motion for summary judgment pursuant to Rule 55.27(a). Although that rule requires the court to declare its intention to treat a motion to dismiss as a motion for summary judgment and we do not find such an announcement in the record, the parties did not raise the issue at an oral argument on the motion, and Devinki and Sterling Equities say in their brief, "Although neither party filed a motion for summary judgment, it was agreed that the issue was dispositive."

3. Devinki and Sterling Equities said that taxes on the property would have dropped from 32 percent to 19 percent. The county officials said that the reclassification would have cut taxes 50 percent.

sessed taxes under protest but appealed the issue to the Jackson County Board of Equalization. The board denied his claim, and he appealed the matter to the State Tax Commission, and, before obtaining a ruling from the commission, he initiated this lawsuit.

In this appeal, Devinki and Sterling Equities contend that the trial court wrongfully applied law pertaining to subdivisions, not to condominiums, and that it erred in concluding that city approval was required before the apartments could be treated as condominiums. The county officials respond by challenging the trial court's jurisdiction to consider the matter. They contend that Devinki and Sterling Equities did not exhaust their statutory remedies and, therefore, the trial court did not have subject matter jurisdiction. We consider the jurisdiction issue first.

■ Section 138.430.1, RSMo Cum.Supp. 1993, provides an appeal process for a taxpayer who believes that he has been aggrieved by the action of a local board of equalization:

> Every owner of real property ... shall have the right to appeal from the local boards of equalization to the state tax commission under rules prescribed by the state tax commission, within the time prescribed in this chapter or thirty days following the final action of the local board of equalization, whichever date later occurs, concerning all questions and disputes involving the assessment against such property, the correct valuation to be placed on such property, the method or formula used in determining the valuation of such property, or the assignment of a discriminatory assessment to such property. The commission shall investigate all such appeals and shall correct any assessment or valuation which is shown to be unlawful, unfair, improper, arbitrary or capricious. Any person aggrieved by the decision of the commission may seek review as provided in chapter 536, RSMo.

This appeal scheme is mandatory. "[I]n a suit against the state for recovery of taxes, statutorily provided administrative procedures must be utilized exclusively[.]" *Westglen Village Associates v. Leachman,* 654 S.W.2d 897, 900 (Mo. banc 1983). Because Devinki and Sterling Equities took their dispute to the circuit court rather than to the State Tax Commission, the trial court did not have jurisdiction.

■ Devinki and Sterling Equities counter that this case was not a tax assessment case; it was a joint action seeking a declaration that their property should be classified as a condominium and raising a constitutional claim pursuant to 42 U.S.C. § 1983.[4] They argue that § 138.430.1, therefore, does not apply. We disagree.

Devinki and Sterling Equities originally took their case to the board of equalization to obtain a reassessment of the property based on their declaration. The board denied the reassessment, notwithstanding Devinki's and Sterling Equities' declaration, because Devinki and Sterling Equities had not obtained the city's approval. What Devinki and Sterling Equities wanted the trial court to declare was that their declaration was relevant so the basis for the board's denial was incorrect. That is a contention which, pursuant to § 138.430.1, must be taken up with the State Tax Commission on appeal because it "concern[ed] questions and disputes involving the assessment against such property[.]"

■ As for their § 1983 claim, the Supreme Court of Missouri held, in *Westglen,* that the scheme of § 138.430 was mandatory and exclusive "even where constitutional claims are raised." *Id.* at 900 (plaintiff made an equal protection claim). Indeed, the courts have made clear that lawsuits involving tax collection are an exception to the general rule that a § 1983 plaintiff is not required to exhaust state remedies. In the face of a taxpayer suit to redress an allegedly unconstitutional imposition of a real estate tax pursuant to § 1983, the Supreme Court

4. That statute provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

of Missouri held that the statutory scheme for redress of grievances associated with tax assessments was exclusive and sounding a claim on the basis of § 1983 did not change that. "[G]iven a plain, adequate and complete remedy at law ..., taxpayers may not seek relief under § 1983 because such 'procedure may in every practical sense operate to suspend collection of the state taxes until the litigation is ended.'" *Stufflebaum v. Panethiere*, 691 S.W.2d 271, 272 (Mo. banc 1985) (quoting *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981)).

The appeal scheme set forth in § 138.430 is an adequate and complete remedy at law. *C & D Investment Company v. Bestor*, 624 S.W.2d 835, 838 (Mo.banc 1981).

We conclude, therefore, that the trial court had sufficient jurisdictional grounds on which to grant the county officials' motion to dismiss. This being the case, we need not address the points raised by Devinki and Sterling Equities. We affirm the judgment of the trial court.

All concur.

