**K. SHAFINIA, Appellant,**

v.

**Donna C. NASH, Platte County Collector, Respondent.**

**No. WD 72966.**

Missouri Court of Appeals, Western District.

April 10, 2012.

Kevin Shafinia, Appellant pro se, for appellant.

Robert Harold Shaw, Platte City, MO, for respondent.

Division Three: JAMES M. SMART, JR., P.J., VICTOR C. HOWARD and CYNTHIA L. MARTIN, JJ.

JAMES M. SMART, JR., Judge.

On March 25, 2010, Appellant Kevin Shafinia filed his Petition in Platte County Circuit Court, seeking judicial review of his protest of real property taxes assessed against four parcels of property that he owned. The trial court entered its order granting summary judgment to Respondent Donna C. Nash, Platte County Collector, on the ground that Mr. Shafinia had failed to exhaust his administrative remedies. We affirm.

### Background

Mr. Shafinia was the owner of four parcels of real property located in Platte County, Missouri, on which he was building houses that were only partially completed on April 1, 2009. On that date, the Platte County Assessor prepared Notices of Change in Assessed Value of Real Estate with regard to each of the properties and, as required by section 137.180 RSMo,[1] forwarded those Notices to Mr. Shafinia's last known address as indicated on the tax rolls of Platte County.

The Notices informed Mr. Shafinia that if he disagreed with the new appraised value, he should call the Assessor's office. If that was not productive, the Notices stated that he could schedule an informal

---

1. Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2009 cumulative supplement where applicable.

meeting with an appraiser, but that the meeting must take place before April 30, 2009. The Notices further informed Mr. Shafinia that if he was unable to reach an agreement with the appraiser as to the value of the properties, he had the right to appeal to the Platte County Board of Equalization. The Notices also said that he "may appeal to the Board of Equalization whether or not [he] schedule[d] an informal meeting with an appraiser." The Notices stated that all appeals to the Board of Equalization must be in writing on forms that are available from the Assessor's Office and must be returned to the Platte County Assessor's Office before June 15, 2009. Mr. Shafinia does not take issue with the presumption that he received these Notices.

Mr. Shafinia informs us in his brief that he met with the "County Appraiser" in front of one of the unfinished homes. Mr. Shafinia says he asked her "how she came up with so much property tax appraisal." He says he also asked if she had been inside the homes, and she said she "just took a peek through the windows." Mr. Shafinia says he requested that she make a walk-through inspection of these homes when she could. He also pointed out to her that no air conditioning units were yet installed in the homes (indicating, presumably, that they were not yet finished).

Mr. Shafinia says he set up an appointment with her. Mr. Shafinia says that she kept changing the appointment, and then she never showed up. He says he called the appraiser's office several times and that she finally told him "it was too late and instructed [him] to file at the Platte County Court." He says that he also called the Platte County Collector's Office (not the Assessor's Office) and was told by two different people there that he should seek judicial review in Platte County Circuit Court. Mr. Shafinia says that, accord-ingly, he filed his Petition in the Circuit Court of Platte County on March 25, 2010.

On August 12, 2010, Respondent Nash filed her Motion for Summary Judgment. She claimed that she was entitled to summary judgment because the trial court lacked jurisdiction over the subject matter of the action in that Mr. Shafinia had failed and refused to exhaust his available and required administrative remedies. Mr. Shafinia did not file a response to Respondent's Motion for Summary Judgment, thereby admitting for purposes of the motion the factual matters set forth in the motion.

On September 17, 2010, in accordance with notice provided to Mr. Shafinia, the trial court held a hearing on the Motion for Summary Judgment. After discussion with the parties, the court granted the Motion, finding that Mr. Shafinia had failed to exhaust his administrative remedies. Mr. Shafinia appeals.

### Discussion

This court's review of a trial court order granting summary judgment is essentially *de novo.* *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Our criteria for reviewing the trial court's order of summary judgment are the same as those used by the trial court in granting the order. *Id.* Pursuant to Rule 74.04(c)(6), a movant is entitled to summary judgment if the pleadings, together with the discovery, exhibits, and affidavits, if any, show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

To overcome the Respondent's properly made motion for summary judgment, Mr. Shafinia was required to file a response "demonstrat[ing] the existence of

a factual question that would permit a reasonable jury to return a verdict" in his favor. *Martin v. City of Washington*, 848 S.W.2d 487, 492 (Mo. banc 1993). "A factual question exists if evidentiary issues are actually contested, are subject to conflicting interpretations, or if reasonable persons might differ as to their significance." *Id.* Here, Mr. Shafinia did not contest the factual assertions set forth in the motion in the proper way. Thus, the fact that he did not pursue his remedy through the Board of Equalization is deemed admitted and established for purposes of the motion. That fact determination was fatal to his attempt at judicial review, regardless of whether he was confused, or given bad advice.

Mr. Shafinia nevertheless contends on appeal that the trial court's judgment was not supported by the evidence. He claims the evidence was that he spoke with the "County Appraiser" to schedule an informal appraisal of the properties, the construction of which was not yet completed. He says she kept rescheduling and canceling appointments with him to view the property, and then finally told him it was too late, and that he would have to file an action for judicial review. He says he also asked the staff at the Collector's Office about his right to get some relief, and again was told he could seek judicial review. He indicates that they said it was his only choice.

■ Even if all of that were true, it changes nothing. The law requires pursuit of one's administrative remedies as a pre-requisite to judicial review. *See, e.g., Sperry Corp. v. Wiles*, 695 S.W.2d 471, 472–73 (Mo. banc 1985) (held that where a taxpayer aggrieved by a fraudulent assessment of his property had an administrative remedy, he first must exhaust that remedy before the courts will act). The "exhaustion of administrative remedies" doctrine is "well established" and is "a cardinal principle of practically universal application" that "must be borne in mind by the courts in construing a statute providing for review of administrative action." *Id.* at 472 (quoting 2 Am.Jur.2d *Administrative Law* § 595 (1962)). Exceptions are not made for those who are confused or misled. *See, e.g., Horizons West Prop. v. Leachman*, 548 S.W.2d 550, 553 (Mo. banc 1977) (held that landowner had no legal right to rely upon the statements of an assessor's agent where the statements were contrary to the state revenue laws). Thus, even assuming that Mr. Shafinia's version of the facts is true, there is nothing this court can do to assist him as to the assessments. State law provides a remedy for him through his right of appeal to the Board of Equalization. He did not make use of his remedy.

Mr. Shafinia has no claim of violation of due process or any other right to be informed. The right of appeal to the Board of Equalization is not a closely guarded secret. It was in the papers Mr. Shafinia received; it is on the Assessor's website; it is in the statute books; and it is well known in the real estate community. It takes only minimal resourcefulness to gain the appropriate information.

The administrative remedies Mr. Shafinia was required to exhaust are part of a "comprehensive system for valuation and assessment of property." *C & D Inv. Co. v. Bestor*, 624 S.W.2d 835, 838 (Mo. banc 1981). The assessor begins the process by assessing the property in accordance with section 137.115. *See id.* If the assessor increases the valuation of the property, "[he] shall forthwith notify the owner of the increase and of his right to a review thereof by the county Board of Equalization." *Horizons West*, 548 S.W.2d at 553; § 137.180.1. Section 137.385 states that "[a]ny person aggrieved by an assessment of his property may appeal to the county

Board of Equalization by filing a notice of appeal on forms furnished by the county clerk." *Id.* The Board is authorized to hear all appeals from the assessor's valuation and to "correct and adjust the assessment accordingly." § 138.060. A taxpayer who is dissatisfied with the Board's decision as to assessment or valuation may appeal to the State Tax Commission. § 138.430.1. The State Tax Commission has the authority to "correct any assessment or valuation which is shown to be unlawful, unfair, improper, arbitrary or capricious." *Id.* Judicial review is thereafter available under the Administrative Procedures Act, Chapter 536. *Id.*

These broad statutory provisions leave no doubt that the Board of Equalization had full authority to grant any relief requested by Mr. Shafinia with regard to any alleged excessive assessment of his property if Mr. Shafinia had presented his appeals to the Board. Instead, Mr. Shafinia filed a lawsuit in circuit court first.

The Supreme Court has stated that the foregoing statutory remedies are "adequate, certain and complete," *C & D,* 624 S.W.2d at 838, and, thus, they "must be utilized exclusively, and ... followed to exhaustion." *Quaker Oats Co. v. Stanton,* 96 S.W.3d 133, 140 (Mo.App.2003). While pursuing these remedies, a taxpayer can avoid penalties and interest by paying the tax under protest and filing "a written statement setting forth the grounds on which the protest is based," pursuant to section 139.031.1, which Mr. Shafinia apparently did in this case. *See Quaker Oats,* 96 S.W.3d at 137. He may not, however, file a lawsuit in circuit court (pursuant to the provisions of that statute or any other) as a substitute for the statutorily prescribed administrative remedies. *Sperry Corp.,* 695 S.W.2d at 473; *see also Buck v. Leggett,* 813 S.W.2d 872, 875 (Mo. banc 1991) ("if a taxpayer with notice of an increase in assessed value of his property fails to exhaust his administrative remedy to question that increase, he cannot do so in any other proceeding").

In his brief filed herein, Mr. Shafinia does not even discuss his failure to pursue review by the Platte County Board of Equalization, other than to say that he was misled into believing he had no choice but to seek relief in circuit court. He also does not state any arguments as to why summary judgment is improper in this case, other than he feels he did not get proper advice for how to go about protecting his interests. Unfortunately, he cannot legitimately turn this proceeding into a new evidentiary hearing by setting forth pages of alleged "facts" which are not part of the record on appeal. "An appellant may not, as a general rule, overturn a summary judgment by raising in the appellate court an issue of fact that was not plainly disclosed as a genuine issue in the trial court." *B & D Inv. Co., Inc. v. Schneider,* 646 S.W.2d 759, 765 (Mo. banc 1983) (quoting 6 Pt. 2 MOORE'S FEDERAL PRACTICE § 56.27(1) (1982)).

Because Mr. Shafinia did not timely exercise his right to appeal the increase in assessed valuation to the Platte County Board of Equalization pursuant to the applicable statutes, he could not lawfully proceed with his attempt at judicial review, because the circuit court lacked authority to proceed. Respondent is incorrect in asserting that the court lacked subject matter jurisdiction. The court had subject matter jurisdiction under the Missouri Constitution, but the court lacked the "authority" to proceed. *See, e.g., Dorris v. State,* 2012 WL 135392, at *2–3 (Mo. banc Jan.17, 2012) (citing *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 253 (Mo. banc 2009)). The doctrine of exhaustion of administrative remedies has been called a requirement of "subject matter jurisdic-

tion." *See, e.g., Pessin v. State Tax Comm'n of Mo.*, 875 S.W.2d 143 (Mo.App. 1994); *Devinki v. Takacs*, 875 S.W.2d 648 (Mo.App.1994). It should no longer be understood that way. It should now be understood as a matter of limits on the court's authority.[2] The doctrine of exhaustion of administrative remedies still requires a party to seek relief from an agency as a prior condition to seeking judicial relief when the agency is authorized to grant the requested relief. *Sperry Corp.*, 695 S.W.2d at 472–74.

In this case, Mr. Shafinia failed to answer or specifically deny the statements of material fact set forth by Respondent in her Motion for Summary Judgment. That failure to answer or specifically deny is deemed "an admission of the truth" of the statements. Supreme Court Rule 74.04(c)(2). Accordingly, Mr. Shafinia is deemed to have admitted all of the uncontroverted material facts alleged by Respondent in her Motion. Those uncontroverted material facts, in conjunction with the Legal Memorandum submitted by Respondent, demonstrated that Mr. Shafinia had failed to exhaust his available and required administrative remedies. The trial court, thus, was faced with the fact that Mr. Shafinia had not exhausted his administrative remedies. Consequently, dismissal of his action was required. The court did not err. The point is denied.

### Respondent's Motions

Respondent Nash, in her brief, asks this court to dismiss Mr. Shafinia's appeal on the basis that it does not conform to the appellate briefing requirements in Supreme Court Rule 84.04. She points specifically to deficiencies in the statement of facts, the point relied on, and the argument portion of the brief. While Mr. Shafinia's brief does fall short of complying with the requirements of Rule 84.04 in many respects, we have, nevertheless, been able to discern the substance of his point relied on and argument. We, thus, have addressed the merits of the appeal. We deny the motion to dismiss.

Respondent also has filed a motion seeking $5,000 in damages against Mr. Shafinia for filing a frivolous appeal, pursuant to Rule 84.19. Respondent says she is entitled to damages because of deficiencies in the Appellant's brief and legal file; because the Appellant has repeatedly failed to provide copies of his filings to opposing counsel; because the Appellant has been or is currently acting as a *pro se* litigant in numerous cases before this court; and because the appeal "presents no justiciable question and is so readily recognizable as devoid of merit that there is little prospect that it will ever succeed." *Tower Props. Co. v. Allen*, 33 S.W.3d 684, 687 (Mo.App. 2000).

■ Ms. Nash is correct that this appeal was in fact frivolous from any objective standard. Moreover, Mr. Shafinia did not have the courtesy to notify the attorney for Ms. Nash that he would not appear for oral argument at the scheduled time, causing Ms. Nash's attorney to appear unnecessarily. Nevertheless, the assessment of damages for a frivolous appeal is a drastic measure that is not imposed lightly. *See Kraft, Inc. v. Mo. Farmer's Ass'n*,

---

2. The Missouri Supreme Court has explained: [T]o the extent that some cases have held that a court has no jurisdiction to determine a matter over which it has subject matter and personal jurisdiction, those cases have confused the concept of a circuit court's jurisdiction—a matter determined under Missouri's constitution—with the separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case. *McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473, 477 (Mo. banc 2009) (citing *J.C.W. ex rel. Webb*, 275 S.W.3d at 253).

*Inc.,* 816 S.W.2d 278, 282 (Mo.App.1991). The authority to assess damages for a frivolous appeal rests within the sound discretion of this court. *See id.* We have no information that Mr. Shafinia is cognitively impaired or otherwise unable to employ good common sense and is therefore deserving of mercy on that basis; but as far as we know at this time, Mr. Shafinia has not encountered these legal issues before. We trust that Mr. Shafinia will exercise better judgment next time he has a legal issue by taking a few minutes to either review the law (the Missouri statutes are online) or consult an actual attorney before wasting his time and wasting the time of others with fruitless endeavors. We also trust that next time he will exercise more courtesy toward opposing counsel. Therefore, on this occasion, we will exercise our discretion to deny the motion.

Respondent's requests that the appeal be dismissed based on violations of Rule 84.04 and for damages for a frivolous appeal are both denied.

### Conclusion

The trial court ruled correctly in granting summary judgment to the Respondent. Mr. Shafinia did not make any filing with the trial court controverting any of the material facts set forth by the Respondent. The uncontroverted material facts in the record demonstrated that the Appellant has failed and refused to exhaust his available and required administrative remedies. The court's ruling was not in error. Because the issue of the court's authority to grant summary judgment (in effect, to dismiss the case here) was a ruling that the court had jurisdiction to enter, and because the court did not err, we may affirm rather than dismiss. Accordingly, the Order of Summary Judgment granted by the trial court in favor of Respondent and against Appellant is hereby affirmed.

All concur.

