# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-3340

_____

Alissa's Flowers, Inc.

*Plaintiff - Appellant*

v.

State Farm Fire & Casualty Company

*Defendant - Appellee*

------------------------------

American Property Casualty Insurance Association; National Association of
Mutual Insurance Companies

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 22, 2021
Filed: February 3, 2022

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Alissa's Flowers, Inc., owns and operates a flower shop located in Independence, Missouri. It purchased a commercial insurance policy from State Farm Fire & Casualty Co. (State Farm) that was effective from March 5, 2020, to March 5, 2021. Alissa's Flowers's retail store closed to the public on March 16, 2020, after a state of emergency was declared in response to the novel coronavirus (COVID-19). The governor and county health department thereafter issued stay-at-home orders, mandating social distancing and requiring the suspension of non-essential businesses. Alissa's Flowers's retail store reopened on May 11, 2020, after restrictions were lifted. During its closure, Alissa's Flowers suffered a loss of approximately $100,000 from in-store sales revenue.

Alissa's Flowers filed suit against State Farm in late May 2020. The amended complaint alleged that Alissa's Flowers had "overpaid its premiums to State Farm" in light of its "significantly lower exposure rate due to COVID-19." Compl. ¶ 34. Alissa's Flowers sought to represent the following class:

> All persons and entities that: (a) purchased commercial liability insurance with State Farm that had a six (6) month or longer policy period; (b) paid a premium for the coverage based on State Farm's rates and rules; and (c) were subject to a Stay at Home Order.

Compl. ¶ 57.

State Farm moved to dismiss the amended complaint, arguing, as relevant here, that Missouri law required that Alissa's Flowers bring its claims before the director of the Missouri Department of Insurance. The district court[1] granted State Farm's motion to dismiss. The court concluded that it lacked jurisdiction over the complaint because Alissa's Flowers had in effect challenged State Farm's rates and rules and

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

thus was required to exhaust administrative remedies, which it did not do. We review *de novo* the district court's decision to dismiss the complaint. See Halbrook v. Mallinckrodt, LLC, 888 F.3d 971, 975 (8th Cir. 2018).

Missouri Revised Statutes § 379.321.6(1) states that commercial insurance rates, rating plans, modifications, and manuals of classifications must be filed with the director of the Department of Insurance. See also Mo. Rev. Stat. § 379.316.3 ("Commercial property and commercial casualty insurance policies are subject to rate and form filing requirements as provided in section 379.321."). Unlike rates for other types of insurance, commercial insurance rates are filed only for informational purposes; they are not reviewed or approved as a condition of their use. Id. § 379.321.6(1). Section 379.321.6 does not "limit the director's authority over excessive, inadequate or unfairly discriminatory rates," however. Id. § 379.321.6(10).

Missouri Revised Statutes § 379.348 provides that any individual or entity "aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insurer" may ask the insurer "to review the manner in which the rate, plan, system or rule has been applied with respect to insurance afforded him." Id. § 379.348. If the insurer does not complete the review or does not grant adequate relief, the aggrieved party "may file a written complaint and request for hearing with the director" of the Department of Insurance. Id. The director then considers whether the complaint charges a violation of Missouri Revised Statutes § 379.017 and §§ 379.316 to 379.361 and whether "the complainant would be aggrieved if the violation is proven." Id. Under § 379.346.2, the director must hold a hearing if he finds that the "rate, rating plan or rating system" does not comply with the above-cited statutes. Upon finding "for good cause . . . that such rate, rating plan or rating system" does not comply, the director must thereafter issue an order specifying the noncompliance and stating when the use of such rate will be prohibited. Id. § 379.346.3.

Alissa's Flowers argues that it is challenging premiums—not rates—and thus it need not follow the statutory administrative review process. According to the insurance policy, premiums are "computed based on rates in effect at the time the policy was issued." Compl. ¶ 43. Alissa's Flowers alleged that it would have paid less in premiums had State Farm "factored in the shutdown and COVID-19 when it applied its rules and rates." Compl. ¶ 76. As Alissa's Flowers explained in its brief, the premium equals the rate multiplied by the amount of coverage:

> [I]f the rate per $1,000 of coverage is $6.00 per year, and you have a home that would be replaced for $200,000 if destroyed, then the annual premium would be $1,200.

Appellant's Br. 12 (citation omitted). Alissa's Flowers argues that it overpaid its premium, but it does not contend that its amount of coverage should change. Alissa's Flowers's grievance thus appears to be with the equation's other variable: the rate. We conclude that the district court did not conflate the terms "rate" and "premium," as Alissa's Flowers contends, but rather carefully examined the complaint and determined that the factual allegations "presume[d] State Farm would have applied a lower rate which factored in COVID-19 in computing a lower premium." D. Ct. Order of Oct. 22, 2010, at 4.

Alissa's Flowers reiterated in its reply brief that it is not challenging rates, explaining that it instead challenges the rating plan that State Farm applied to businesses during the pandemic. Reply Br. 3–4 (quoting Mo. Rev. Stat. § 379.888.1(8), which defines "rating plan" as "a rule or set of rules used by an insurer to calculate premium for an insured, and the parameter values used in such calculation, after application of classification premium rates to units of exposure"). According to Alissa's Flowers, the director of the Department of Insurance does not have authority to review a commercial insurer's rating plan because "DOI's oversight is limited exclusively to 'excessive rates.'" Id. at 5–6 (emphasis omitted) (citing Mo.

-4-

Rev. Stat § 379.321.6(10)). Although commercial insurance rates and rating plans are not reviewed or approved as a condition of their use, Mo. Rev. Stat § 379.321.6(1), "*any . . .* corporation . . . aggrieved by *any* rate charged [or] rating plan" must follow the statutory administrative review process, id. § 379.348 (emphasis added). We agree with the district court's explanation in a similar case:

> Missouri has distinct regulatory requirements for commercial property and commercial casualty insurance, including delineating that a commercial insurer's rates are filed with the DOI for informational purposes only. However, while the Missouri regulatory scheme has certain statutes specifically applicable in the commercial insurance context, these statutes do not provide for a separate review mechanism.

4505 Madison LLC v. Travelers Indem. Co., No. 4:20-CV-00590, 2021 WL 1685967, at *5 (W.D. Mo. Mar. 2, 2021). We conclude that the administrative review process set forth in § 379.348 applies in the commercial insurance context and to Alissa's Flowers's claims. The district court properly determined that Alissa's Flowers was required to exhaust administrative remedies because the "claims, in essence, constitute a challenge to State Farm's rates, rating plan, rating system and underwriting rules." D. Ct. Order of Oct. 22, 2010, at 5.

Alissa's Flowers's reliance on Lafollette v. Liberty Mutual Fire Insurance Co., 139 F. Supp. 3d 1017 (W.D. Mo. 2015), is misplaced. The Lafollette court rejected an insurer's argument that the plaintiffs' claims constituted a collateral attack on rates. The court was asked whether the policy required the payment of a deductible when the insured settled for a certain type of payment. The plaintiffs did not challenge the amount of their premium or deductible, the court did not determine "the propriety of the means by which the insurance rates were determined," and "[n]o refund of any premium [was] ordered." Id. at 1026. Unlike the Lafollette plaintiffs, Alissa's Flowers challenges the amount of its premium, asks for a determination whether Alissa's Flowers overpaid its premium, and seeks relief that includes

monetary damages for any overpayment. We conclude that <u>Lafollette</u> does not apply, nor is it instructive.

Finally, the complaint should not have been dismissed for lack of subject matter jurisdiction, but rather for lack of authority to grant relief. <u>See</u> <u>McCracken v. Wal-Mart Stores E., LP</u>, 298 S.W.3d 473, 476–77 (Mo. 2009) (en banc) (distinguishing subject matter jurisdiction from authority to grant relief); <u>Shafinia v. Nash</u>, 372 S.W.3d 490, 495 (Mo. Ct. App. 2012) (doctrine of exhaustion of administrative remedies limits court's authority to grant relief). This distinction does not matter here because the end result is the same: dismissal of the complaint. <u>See</u> <u>Coleman v. Mo. Sec'y of State</u>, 313 S.W.3d 148, 151 n.4, 158 (Mo. Ct. App. 2010) (affirming dismissal because the plaintiff's failure to exhaust administrative remedies deprived the trial court of authority to act, notwithstanding the fact that the trial court based dismissal on lack of subject matter jurisdiction).

The judgment is affirmed.

_____